UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA KNIGHTEN, ) | |
| ) | |
| Plaintiff, ) | No. 19-cv-07913 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| ADVOCATE AURORA HEALTH, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Linda Knighten is a former employee of Advocate Aurora Health, Inc., and now brings this lawsuit (on her own, without a lawyer) against the company. Knighten alleges that Advocate violated the Family Medical Leave Act (commonly referred to as the FMLA) by terminating her employment while she was on FMLA leave. R. 17, Compl. ¶ 8.[1] Knighten also alleges that Advocate retaliated against her for exercising her FMLA rights when the company tried to reassign her to a part-time position. *Id.* ¶ 7. Moreover, Knighten alleges that Advocate violated the Americans with Disabilities Act (ADA) by refusing to offer her reasonable accommodations for her disability. R. 30, Resp. Br. ¶¶ 12, 15.[2] Finally, in a response brief resisting Advocate's dismissal motion, Knighten appears to allege a Title VII race discrimination claim, arguing that Advocate had accommodated similarly situated non-Black employees. Resp. Br. ¶ 16.

---

[1]Citations to the record are noted as "R." followed by the docket number and the page or paragraph number if applicable. This Court has federal question jurisdiction over Knighten's claims under 28 U.S.C. § 1331.

[2]Although Knighten titled her filing "Motion to deny Defendants Motion to Dismiss," it is really a response brief, and the opinion will refer to it in that way.

1

Advocate moves to dismiss all claims. R. 23, Mot. to Dismiss ¶ 1. For the reasons set forth in this opinion, Advocate's motion to dismiss is granted, and Knighten's claims are dismissed, though for now without prejudice.

## I. Background

For purposes of this motion, the Court accepts as true the factual allegations in the Complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), as well as those in Knighten's response brief (to the extent they are consistent with the Complaint), *see Heng v. Heavner, Beyers & Mihlar, LLC*, 849 F.3d 348, 354 (7th Cir. 2017). *See also Thompson v. Ill. Dep't of Prof. Reg.*, 300 F.3d 750, 753 (7th Cir. 2002) (on a Rule 12(b)(6) motion, the pleadings "consist generally of the complaint, any exhibits attached thereto, and supporting briefs.") (citing Fed. R. Civ. P. 10(c)).[3]

Linda Knighten was hired by Advocate in 2003 as an Administrative Supervisor. Compl. ¶ 2. She remained employed at Advocate for 14 years. *Id*. ¶ 3. In her role, Knighten managed over 15 employees at two centers, working 12-to-14-hour days. *Id*. ¶ 4. On November 6, 2017, Knighten suffered a stroke while at work. Compl. ¶ 5. As a result of the stroke, Knighten became speech impaired and was ordered by her

---

[3]Although exhibits to the Complaint can be considered as part of the pleading under Federal Rule of Civil Procedure 10(c), that is *not* to say that facts asserted by Advocate in the exhibits attached to the Complaint amount to admissions or concessions by Knighten. "To require district courts to accept unilateral statements in documents written by a defendant as true simply because they were attached as exhibits to a plaintiff's complaint would be contrary to the concept of notice pleading." *N. Indiana Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 456 (7th Cir. 1998). Put another way, when it comes to defense statements in exhibits to pleadings, the only thing that those statements represent is that the defense *made* those statements—*not* that the plaintiff concedes them. Thus, to the extent that the attached exhibits reflect facts that support Knighten's case, they may be considered, but the Court will not give "judicial notice" to Advocate's own words as they appear in the exhibits, despite Advocate's request that the Court do so, R. 24, Def's. Br. at 3 n.2.

doctor not to work for several months. *Id.* ¶¶ 9, 15. On May 2, 2018, around six months after Knighten's stroke, her physician authorized her to return to work on a part-time basis. *Id.* ¶ 9. Around two weeks later, on May 18, Advocate agreed to accommodate Knighten's part-time work restrictions. *Id.* Knighten expected to be reinstated to her original position, a full-time role, and share the job with another, newly hired part-time employee. *Id.* ¶ 17. Instead, Advocate asked that she identify a vacant part-time position for which she was qualified. *Id.* ¶ 19. Knighten does not say whether she cooperated with the reassignment process, though she never returned to work after the stroke. *Id.* ¶ 8. Although the exact date of her employment termination is unclear, Knighten was formally terminated sometime between September and November of 2018. *Id.* ¶ 2.

Knighten later timely filed an EEOC charge, *id.* ¶ 18, and then this *pro se* lawsuit, R. 1. She alleges that Advocate violated the FMLA and the ADA when it did not return her to her full-time position in a part-time capacity after she had been out from work for six months. Compl. ¶ 1. Advocate now moves to dismiss all claims for failing to adequately state grounds for relief. Fed. R. Civ. P. 12(b)(6); Mot. to Dismiss at 1.

## II. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell*

3

*Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (cleaned up).[4] The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

"[W]hen evaluating the sufficiency of a complaint," the Court may also consider "facts alleged by a plaintiff in a brief in opposition to a motion to dismiss ... so long as they are consistent of the allegations in the complaint." *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (cleaned up); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012) ("[A] party opposing a Rule 12(b)(6) motion may submit

---

[4]This opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

materials outside the pleadings to illustrate the facts the party expects to be able to prove" and "may find it prudent to do so"). Moreover, in evaluating a *pro se* complaint, the Court views the pleading more expansively than one drafted by lawyers. *Smith*, 803 F.3d at 309.

### III. Analysis

### A. FMLA Interference

Advocate argues that the FMLA-interference claim should be dismissed because Knighten has pleaded herself out of court.[5] The Court agrees. Although *pro se* pleadings are read expansively, still a *pro se* complainant can "plead [her]self out of court by pleading facts that undermine the allegations set forth in h[er] complaint." *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999). That is what has happened here.

To adequately state an FMLA-interference claim, a plaintiff must allege that the employer "denied [her] FMLA benefits to which [she] was entitled." *Pagel v. TIN Inc.*, 695 F.3d 622, 629 (7th Cir. 2012). The FMLA provides employees with 12 weeks of leave per 12-month period during which the employee's job must remain protected. 29 U.S.C. § 2612(a)(1)(D). But if an employee remains unable to return to work after 12 weeks, the FMLA gives no more protection, and the employer is no longer under

---

[5]Although Advocate argues that Knighten waived arguments that she did not develop, this is not quite right. R. 29, Reply Br. at 4. A waiver is the "intentional relinquishment or abandonment of a known right…." *Johnson v. Zerbst,* 304 U.S. 458, 464 (1983). Here, Knighten did not concede Advocate's arguments intentionally; she simply failed to develop a rebuttal in her response. Forfeiture, the failure to make a timely assertion of a right, is the more accurate characterization. *United States v. Olano*, 507 U.S. 725, 733 (1993). Having said that, whether Knighten waived or forfeited arguments makes no practical difference, because the legal flaws are apparent, as explained in the text.

5

an obligation to restore the employee to the original job position. *Breneisen v. Motorola, Inc.*, 656 F.3d 701, 705 (7th Cir. 2011). The upshot is that the FMLA only requires that an employee be restored to their original position if (1) they can return to work at the end of the 12 weeks of leave; and (2) they can perform the essential functions of their job at that time.

In assessing the 12-week leave period here, by Knighten's own account, Advocate provided her with 12 weeks of leave (and then some). Compl. ¶ 9. As alleged in the Complaint, Knighten suffered a stroke and was unable to work starting November 6, 2017. Compl. ¶ 5. With that start date, 12 weeks of protected leave ran out on around January 29, 2018. But Knighten was not authorized by her doctor to return to work until May 2018. *Id.* ¶ 9. Even then, she was only able to return on a part-time basis.[6] *Id.* Because Knighten was unable to return to work at the end of the 12-week period of FMLA leave, Advocate was no longer legally bound to protect her job. Given that Knighten admits that she could not return to work until early May 2018, nearly six months after the stroke and almost three months after the 12 weeks of protected leave had run out, the FMLA-interference claim, Compl. ¶ 9, is not viable as a matter of law.

---

[6]Although Knighten's FMLA job protection had expired months before she was able to return to work, the FMLA would not have required Advocate to reinstate Knighten to her position on a part-time basis regardless of the timing because she was unable to perform the essential functions of the job. "[T]here is no such thing as FMLA light duty." *James v. Hyatt Regency Chi.*, 707 F.3d 775, 781 (7th Cir. 2013) (cleaned up).

6

### B. FMLA Retaliation

The FMLA prohibits employers from considering an employee's use of FMLA leave as an adverse reason in promotion, termination, and other employment decisions. 29 C.F.R. § 825.220(c). To adequately plead a retaliation claim, an employee must plausibly allege that (1) she engaged in protected activity; (2) the employer took an adverse employment action against her; and (3) there is a causal connection between the protected activity and the adverse employment action. *See Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 633 (7th Cir. 2009). It is true that an employee need not allege that "retaliation was the *only* reason for her termination," but she does have to adequately allege that "the protected conduct was a substantial or motivating factor in the employer's decision.'" *Lewis v. Sch. Dist. #70*, 523 F.3d 730, 741–42 (7th Cir. 2008) (emphasis in original). Here, the first two elements are satisfied because Knighten presumably engaged in protected activity in taking FMLA leave and her employment was terminated (which is the ultimate adverse employment action).

But the Complaint falls short in alleging any concrete *facts* on the causal connection. Knighten at most pleads a *legal conclusion* of retaliation, without premising the conclusion on any alleged facts. It is true that all manner of circumstantial inferences can support a retaliatory connection between protected activity and an adverse action, but Knighten does not offer any facts from which to draw those inferences. For example, there are no suspicious remarks from supervisors. Nor is there anything remarkable about the timing of the protected activity and the termination. Knighten had exhausted her FMLA leave by January 2018 but her employment was not

7

terminated until September 2018, at the earliest. Compl. ¶ 8. Knighten was only terminated after Advocate offered her a part-time position—and then several months passed. *Id*. ¶ 7. Even viewing the timing in the light most favorable to Knighten, the timing simply is not close enough to raise a suspicion of retaliation, especially given that the termination came months after FMLA leave had expired. The FMLA-retaliation claim must be dismissed.[7]

### C. ADA

Advocate also moves to dismiss the ADA claim, arguing that Knighten has pleaded herself out of court on this claim as well. Mot. to Dismiss ¶ 5. Again, the Court agrees. First and foremost, based on the Complaint's allegations, the ADA does not apply to Knighten. To be covered by the ADA, a plaintiff must be both disabled and qualified, with or without reasonable accommodations, to do the essential functions of the job. 42 U.S.C. § 12111(8). Unlike the FMLA, which provides employees with leave when medical conditions render them unable to perform the essential functions of their positions, "the ADA applies only to those who can do the job." *Severson*

---

[7] It is worth noting that Advocate argues that the retaliation claim should be dismissed because "Advocate had no duty to reinstate Plaintiff back to her position, [so] any alleged comments about reinstatement are not actionable and cannot support a FMLA retaliation claim." R. 29, Reply Br. at 5 n.3. That sweeping argument is rejected: an FMLA-retaliation claim, like any other employment-law retaliation claim, *see Brooks v. City of Kankakee, Ill.*, 7 F.4th 649, 661 (7th Cir. 2021) (Title VII plaintiff need not prevail on underlying discrimination claim to succeed on retaliation claim, unless the underlying claim is frivolous) need not be premised on an otherwise valid substantive discrimination claim, *see Kauffman v. Fed. Exp. Corp.*, 426 F.3d 880, 884 (7th Cir. 2005) ("A claim under the FMLA for wrongful termination can be brought under either a discrimination/retaliation or interference/entitlement theory; the difference is that the first type of claim requires proof of discriminatory or retaliatory intent while the latter requires only proof that the employer denied the employee his or her entitlements under the Act.") For example, if an employee has a good-faith, objectively reasonable belief that she is entitled to additional FMLA leave—even if that belief is mistaken—then retaliation for requesting that leave is still prohibited.

8

*v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017) (quoting *Byrne v. Avon Prod., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003)). Long-term leave, such as the six-month leave that Knighten describes in her Complaint, Compl. ¶¶ 5, 9, generally means that the employee is unable to perform the essential functions of the job. "Inability to work for a multi-month period removes a person from the class protected by the ADA." *Severson*, 872 F.3d at 481 (cleaned up).[8]

In the Complaint, Knighten contends that Advocate could have reasonably accommodated her by hiring an additional employee to share her full-time Administrative Supervisor role until she was able to return to work full-time. Compl. ¶ 17. Again, however, this argument fails to grapple with the fact that the multi-month absence meant that she was not able to perform the essential functions of the job. What's more, there is generally no duty to add an employee as an accommodation. "To have another employee perform a position's essential function, and to a certain extent perform the job for the employee, is not a reasonable accommodation." *Majors v. General Electric Co.*, 714 F.3d 527, 534 (7th Cir. 2013). So Knighten's request that Advocate hire an additional employee to redistribute her job duties is unreasonable. The ADA accommodation claim fails to adequately state a claim.[9]

---

[8]If Knighten had alleged facts suggesting that Advocate allows *non*-disabled employees a multi-month leave and reinstatement to their prior positions, then Advocate would have had the legal duty to extend that same benefit to Knighten (unless Advocate could demonstrate undue hardship or some other defense in this specific case). But absent that kind of allegation, Advocate has no duty to accommodate a multi-month leave.

[9]There might be yet another flaw in the accommodation claim, because an employer is not obligated to provide an employee with the accommodation that she prefers—the employer need only provide *some* reasonable accommodation. *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996). Both Knighten and Advocate appear to agree that Advocate tried to accommodate Knighten once she was medically approved to return to work by offering

9

**D. Race Discrimination**

The Complaint makes no mention of a Title VII race-discrimination claim, but in Knighten's response brief, she alleges that Advocate has accommodated non-black employees in ways that it refused to accommodate her. Resp. Br. ¶ 16. A complaint must give the defendant sufficient notice "to enable [the defendant] to begin to investigate and prepare a defense," which generally means that a plaintiff cannot outright add a new claim via a response brief. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (cleaned up); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Because the Complaint does not allege racial discrimination at all, the claim must be dismissed, to the extent that she now seeks to bring one.

Although Knighten can try to plead this claim in an amended complaint, she will likely run into the exhaustion-of-remedies defense. As far as the Court can tell, Knighten filed an EEOC charge alleging only disability discrimination.[10] Compl. at 11, Exh. 5, EEOC Charge. Having said that, under Federal Rule of Civil Procedure 8(c), exhaustion is an affirmative defense for which the defendant bears the burden

---

to reassign her to a vacant part-time position for which she was qualified. Compl. ¶ 19; Mot. to Dismiss ¶ 4. Reassignment to a vacant position is generally considered a reasonable accommodation by the ADA. 42 U.S.C. § 12111(9). It is true, however, that the inquiry into whether an accommodation is reasonable is fact-intensive. There is not enough information in the Complaint to say one way or the other whether the offer qualified as a reasonable accommodation, but the transfer offer is another obstacle that Knighten would have to overcome. In any event, the current allegations fail to state a claim.

[10]*See Graham v. AT & T Mobility, LLC,* 247 Fed.Appx. 26, 29 (7th Cir.2007) (affirming the district court's decision to dismiss plaintiff's discrimination claim, but not his retaliation claim, as plaintiff only checked the "retaliation" box on his EEOC charge and specifically stated that he was "discriminated against because of retaliation," but failed to allege that he was discriminated against on the basis of his race).

10

of pleading and proving. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). So there was no formal need to include a pre-rebuttal of an exhaustion defense. Still, as a practical matter, Knighten might want to consider the potential problem: because more than 300 days have passed since the alleged misconduct, Knighten can no longer file a timely EEOC charge alleging race discrimination. 42 U.S.C.A. § 2000e-5(e)(1).

### IV. Conclusion

Advocate's motion to dismiss is granted because the Complaint fails to adequately allege a viable claim. Because Knighten has not yet had a chance to amend the Complaint, the dismissal is without prejudice. If Knighten believes that she can fix the allegations in light of the explanation in this opinion, then she may file an amended complaint by October 12, 2021. If no amended complaint is filed, then the dismissal will convert to dismissal with prejudice and judgment will be entered. The tracking status hearing of October 22, 2021, remains as scheduled, but to track the case only (no appearance is required).

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: September 21, 2021